# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

UNITED STATES OF AMERICA,  :  Case No. 3:15CV143

   Plaintiff,     :

  v.        :

(1) RACE HORSE NAMED SHANON :
NICOLE, NET SALE PROCEEDS IN
THE AMOUNT OF $195,772.50  :
          JURY DEMAND
(2) RACE HORSE NAMED   :
BARYSHNIKOV, NET SALE PROCEEDS
IN THE AMOUNT OF $3,900.50  :

(3) ZIA PARK RACETRACK, NET :  VERIFIED COMPLAINT
RACING PROCEEDS, IN THE AMOUNT
OF $27,548.00      :

(4) SAM HOUSTON RACEPARK, NET :
RACING PROCEEDS, IN THE AMOUNT
OF $40,546.00      :

(5) ACCOUNT #****2934, US BANK, :
IN THE NAME OF SILVER BRIDLE
RACING, LLC, IN THE AMOUNT OF :
$108,902.18
           :
(6) ACCOUNT #****3007, US BANK,
IN THE NAME OF SILVER BRIDLE :
RACING, LLC, IN THE AMOUNT OF
$22,158.63       :

(7) ACCOUNT #****4687, US BANK, :
IN THE NAME OF CONNIE
APOSTELOS, IN THE AMOUNT OF :
$1,599.75

(8) ACCOUNT #****9796, KEY BANK, :
IN THE NAME OF WMA ENTERPRISES,
LLC, IN THE AMOUNT OF $125,509.60 :

(9) ACCOUNT #\*\*\*\*9960, KEY BANK,   :
IN THE NAME OF COLEMAN CAPITAL,
INC, IN THE AMOUNT OF $8,012.75    :

(10) ACCOUNT #\*\*\*\* 9978, KEY BANK, :
IN THE NAME OF COLEMAN CAPITAL,
INC, IN THE AMOUNT OF $13,940.72   :

(11) ACCOUNT #\*\*\*\*1028, KEY BANK  :
IN THE NAME OF CONNIE APOSTELOS,
IN THE AMOUNT OF $2,376.34     :

(12) ACCOUNT #\*\*\*\*9788, KEY BANK  :
IN THE NAME OF MIDWEST GREEN
RESOURCES, LLC, IN THE AMOUNT   :
OF $616.83

        :

(13) ACCOUNT #\*\*\*\*8300, JP MORGAN
CHASE, IN THE NAME OF WILLIAM   :
OR CONNIE APOSTELOS, IN THE
AMOUNT OF $2,568.42      :

(14) ACCOUNT #\*\*\*\*1858, JP MORGAN :
CHASE, IN THE NAME OF APOSTELOS
ENTERPRISES, INC, IN THE AMOUNT   :
OF $1,964.76

        :

(15) $10,007.00 IN U.S. CURRENCY   :

(16) $1,000.00 IN U.S. CURRENCY     :

(17) 2005 SEADOO CHALLENGER     :
BOAT w/TRAILER,
SN: JS-CFC30985E505      :

(18) 2008 BMW M3,
VIN: WBSWL93548PL89282    :

(19) 2008 KAWASAKI TERYX KRF 750  :
GATOR ATV, VIN: OBLITERATED

        :

(20) 2008 SUN-LITE RATTLER
CAMPER, MODEL 7H T21,     :
VIN: 1S4BU212783016096

(21) 2009 4-STAR GOOSENECK        :
HORSE TRAILER,
VIN: 4FKPG192190030562           :

(22) MISCELLANEOUS ARTWORK/      :
SCULPTURES INCLUDING LIFE SIZE
BRONZE STATUE OF BARYSHNIKOV  :

(23) MISCELLANEOUS JEWELRY      :

     Defendants.                :

---

### VERIFIED COMPLAINT FOR FORFEITURE

Now comes the Plaintiff, United States of America, by and through its undersigned

attorney, Pamela M. Stanek, Assistant United States Attorney, and respectfully states as follows:

### NATURE OF THE ACTION

1.      This is a civil action <u>in rem</u> brought to enforce the provisions of Titles

18 U.S.C. §§ 981(a)(1)(A) and (C).

2.      Plaintiff is the United States of America.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction over an action commenced by the United States

pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C. § 1355.

4.      Venue for a civil forfeiture action, pursuant to 28 U.S.C. § 1355(b)(1), lies in:

(a) the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred, or

(b) any other district where venue for the forfeiture action or proceeding is specifically provided for in section 1395 of this title or any other statute.

5.     Title 28 U.S.C. § 1395 provides for venue in forfeiture actions as follows:

(a) A civil proceeding for the recovery of a pecuniary fine, penalty or forfeiture may be prosecuted in the district where it accrues or the defendant is found;

(b) A civil proceeding for the forfeiture of property may be prosecuted in any district where such property is found; and

(c) A civil proceeding for the forfeiture of property seized outside any judicial district may be prosecuted in any district into which the property is brought.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) because one or more of the acts or omissions giving rise to the forfeiture occurred within this district; and pursuant to 28 U.S.C. § 1395(a) because the basis for the forfeiture of the Defendants accrued in this district and 28 U.S.C. § 1395 (b) because one or more of the Defendants may be found in this district.

## THE DEFENDANTS *IN REM*

7.     Defendant One is the net proceeds of sale of the Race Horse Named Shanon Nicole which was sold at auction in accordance with the Agreed Order filed February 5, 2015, In Re Seizure of Horse Named Shanon Nicole, Case No. 3:14MJ442, Doc. 6.

8.     Defendant Two is the net proceeds of sale of the Race Horse Named Baryshnikov which was sold at auction in accordance with the Agreed Order filed on February 5, 2015, In Re Seizure of Horse Named Baryshnikov, Case No. 3:14MJ449, Doc. 5.

9.     Defendant Three is the net proceeds from Shanon Nicole being entered in the race held on or about November 28, 2014 at Zia Park Racetrack, pursuant to the Agreed Order filed on November 20, 2014, In Re Seizure of Racehorse Named Shanon Nicole, Case No. 3:14MJ442, Doc. 4.

10.     Defendant Four is the net proceeds from Shanon Nicole being entered in the race held on or about January 24, 2015 at Sam Houston Race Park, pursuant to the Agreed Order filed on January 23, 2015, In Re Seizure of Racehorse Named Shanon Nicole, Case No. 3:14MJ442, Doc. 5.

11.     Defendants Five and Six are funds seized from accounts held at U.S. Bank, in the name of Silver Bridle Racing, LLC.

12.     Defendant Seven is funds seized from an account held at U.S. Bank, in the name of Connie Apostelos.

13.     Defendant Eight is funds seized from an account held at Key Bank, in the name of WMA Enterprises, LLC.

14.     Defendants Nine and Ten are funds seized from accounts held at Key Bank, in the name of Coleman Capital, Inc.

15.     Defendant Eleven is funds seized from an account held at Key Bank, in the name of Connie Apostelos.

16.     Defendant Twelve is funds seized from an account held at Key Bank, in the name of Midwest Green Resources, LLC.

17.     Defendant Thirteen is funds seized from an account held at JP Morgan Chase Bank, in the name of William or Connie Apostelos.

18.     Defendant Fourteen is funds seized from an account held at JP Morgan Chase Bank, in the name of Apostelos Enterprises.

19.    Defendant Fifteen is $10,007.00 in U.S. Currency seized from various locations inside the residence of William and Connie Apostelos on Tanglewood Drive, Springboro, Ohio.

20.    Defendant Sixteen is $1,000.00 in U.S. Currency seized from a drawer inside 35 Commercial Way, Springboro, Ohio.

21.    Defendant Seventeen is a SEADOO boat and trailer titled in the name of Michael Cooper.   Michael Cooper is the son of Connie Apostelos.

22.    There are no liens of record filed against Defendant Seventeen.

23.    Defendants Eighteen, Nineteen, Twenty and Twenty-One are respectively a BMW, motorcycle, camper and horse trailer, all titled in the name of Connie Apostelos.

24.    There are no liens of record filed against Defendants Eighteen, Nineteen, Twenty and Twenty-One.

25.    Defendant Twenty-Two is Miscellaneous Artwork/Sculptures Including Life Size Bronze Statue of Baryshnikov seized from 35 Commercial Way, Springboro, Ohio and more fully described as follows:

   a.    (1) Bronze Figure of Knight "Knight Soldier" with Bronze Base 22x29x24

   b.    (1) Standing Bronze Horse with Bronze Base 86x64

   c.    (2) Silver Horse on Wood Base 20x15

   d.    (1) Horse Colored Bronze "Marius" Marked, with 2-Color Marble Base 26x16

   e.    (1) Chinese Temple Horse, Bronze 43x34

   f.    (1) Black Murano Glass Horse 15x9

   g.    (1) Silver Chariot with Driver and 2 Horses 23x15

   h.    (1) Amethyst Base Bronze Horse Head "Ebane Bronce" 19x10

   i.    (1) Bronze Running Cheetah on Bronze Base 40x64

26. Defendant Twenty-Three is miscellaneous jewelry seized from Tanglewood Drive, Springboro, Ohio and more fully described as follows:

    a. (1) 14K White Gold Diamond Engagement Ring

    b. (1) Man's "Tourneau" Haute Horlogerie Diamond Watch

    c. (1) Man's "Tourneau" Watch with White Face and Diamond Bezel

    d. (1) Tag Heuer Man's Watch "Carrera Calibre" 1887, SN:CUZA10EWM140Z

27. All Defendants (hereinafter "Defendants") have been seized by the United States.

28. Administrative forfeiture was initiated against all the Defendants, with the exception of Defendants Three and Four, the racing proceeds.

29. Connie Apostelos filed an administrative claim to Defendants One, Two, Five, Six, Seven, Nine, Ten, Eleven, Thirteen, Fourteen, Fifteen, Sixteen, Eighteen, Nineteen, Twenty, Twenty-One, Twenty-Two and Twenty-Three.

30. William Apostelos filed an administrative claim to all of the Defendants.

31. Michael Cooper filed an administrative claim to Defendant Seventeen.

### FACTS

32. The attached Affidavit and Verification of Complaint, including but not limited to paragraphs 1 through 73, is hereby incorporated by reference and made a part of this Complaint.

33. The attached Affidavit and Verification of Complaint, including but not limited to paragraphs 1 through 73, sets forth facts to support the United States' allegation that the Defendants are forfeitable pursuant to 18 U.S.C. §§ 981(a)(1)(A) and/or (C).

## FIRST CLAIM FOR RELIEF

34.     Pursuant to 18 U.S.C. § 981(a)(1)(A) any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 or 1957, or any property traceable to such property is subject to forfeiture.

35.     By reason of the facts set forth in the attached Affidavit and Verification of Complaint, including but not limited to paragraphs 1 through 73, the Defendants are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) as property, real or personal, which were involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956 and/or 18 U.S.C. § 1957, or are property traceable to such property.

## SECOND CLAIM FOR RELIEF

36.     Pursuant to 18 U.S.C. § 981(a)(1)(C) any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity" (as defined in Section 1956(c)(7) of this title), or a conspiracy to commit such offense is subject to forfeiture.

37.     Title 18 U.S.C. § 1956(c)(7) defines specified unlawful activity as a violation of a multitude of federal offenses, including violations of 18 U.S.C. § 664 (Theft or Embezzlement from Employee Benefit Plan); 18 U.S C. § 1341 (Mail Fraud); 18 U.S.C. § 1343 (Wire Fraud); 18 U.S.C. § 1956 and 18 U.S.C. §1957 (Money Laundering).

38.     By reason of the facts set forth in the attached Affidavit and Verification of Complaint, including but not limited to paragraphs 1 through 73, the Defendants are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) as property which constitute or are derived from proceeds traceable to a violation of 18 U.S.C. § 664 (Theft or Embezzlement from Employee

Benefit Plan); 18 U.S C. § 1341 (Mail Fraud); 18 U.S.C. § 1343(Wire Fraud); 18 U.S.C. § 1956 and/or 18 U.S.C. §1957 (Monetary Laundering).

WHEREFORE, the Plaintiff, United States of America, respectfully prays that:

1. The forfeiture of the Defendants to the United States of America be confirmed, enforced and ordered by this Honorable Court, and that the United States be thereafter ordered to dispose of the Defendants as provided by law;

2. The Court find there is probable cause to believe the Defendants are subject to forfeiture and issue a Warrant of Arrest in Rem directing the United States Marshal Service to arrest the Defendants and to retain the Defendants in their custody subject to further order of this Court; and

3. The Court award Plaintiff all other and further relief to which it is entitled.

JURY DEMAND

The United States requests a trial by jury.

Respectfully submitted,

CARTER M. STEWART
United States Attorney

s/Pamela M. Stanek
PAMELA M. STANEK (0030155)
Assistant United States Attorney
600 Federal Building
200 West Second Street
Dayton, Ohio 45402
(937) 225-2910
pamela.stanek@usdoj.gov