**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 3:15CV143 |
| Plaintiff, | : | JUDGE THOMAS M. ROSE |
| v. | : | |
| (1) RACE HORSE NAMED SHANON NICOLE, NET SALE PROCEEDS IN THE AMOUNT OF $195,772.50, et al. | : : : | |
| Defendants. | : | |

**UNITED STATES' MOTION TO STAY PROCEEDINGS**

Now comes the Plaintiff, United States of America, and respectfully moves this Court,

pursuant to 18 U.S.C. § 981(g), to stay the proceedings in this civil forfeiture action until

completion of the related criminal investigation and prosecution because the civil discovery will

adversely affect the ability of the United States to conduct a related criminal investigation and

prosecution.   All of the Claimants, through counsel, have agreed to the stay with the exception of

Claimant John Paul Rieser, Chapter 7 Bankruptcy Trustee for William Apostelos.

A memorandum in support follows.

Respectfully submitted,
CARTER M. STEWART
United States Attorney

s/Pamela M. Stanek
PAMELA M. STANEK (0030155)
Assistant United States Attorney
Attorney for Plaintiff
600 Federal Building
200 West Second Street
Dayton, Ohio 45402
(937) 225-2910
Fax: (937) 225-2564

## <u>MEMORANDUM IN SUPPORT OF MOTION TO STAY PROCEEDINGS</u>

## <u>PROCEDURAL BACKGROUND</u>:

This is a civil case seeking the forfeiture of the following Defendants:

(1) Race Horse Named Shanon Nicole, Net Sale Proceeds In The Amount of $195,772.50;

(2) Race Horse Named Baryshnikov, Net Sale Proceeds In The Amount of $3,900.50;

(3) Zia Park Racetrack, Net Racing Proceeds, In The Amount of $27,548.00;

(4) Sam Houston Racepark, Net Racing Proceeds, In The Amount of $40,546.00;

(5) Account #****2934, US Bank, In The Name of Silver Bridle Racing, LLC, In The Amount of $108,902.18;

(6) Account #****3007, US Bank, In The Name of Silver Bridle Racing, LLC, In The Amount of $22,158.63;

(7) Account #****4687, US Bank, In The Name of Connie Apostelos, In The Amount of $1,599.75;

(8) Account #****9796, Key Bank, In The Name of WMA Enterprises, LLC, In The Amount of $125,509.60;

(9) Account #****9960, Key Bank, In The Name of Coleman Capital, Inc., In The Amount of $8,012.75;

(10) Account #**** 9978, Key Bank, In The Name of Coleman Capital, Inc., In The Amount of $13,940.72;

(11) Account #****1028, Key Bank, In The Name of Connie Apostelos, In The Amount of $2,376.34;

(12) Account #****9788, Key Bank, In The Name of Midwest Green Resources, LLC, In The Amount of $616.83;

(13) Account #****8300, JP Morgan Chase, In The Name of William Apostelos or Connie Apostelos, In The Amount of $2,568.42;

(14) Account #****1858, JP Morgan Chase, In The Name of Apostelos Enterprises, Inc., In The Amount of $1,964.76;

(15) $10,007.00 In U.S. Currency;

(16) $1,000.00 In U.S. Currency;

(17) 2005 Seadoo Challenger Boat w/Trailer, SN: JS-CFC30985E505;

(18) 2008 BMW M3, VIN: WBSWL93548PL89282;

(19) 2008 Kawasaki Teryx KRF 750; Gator ATV, VIN: Obliterated;

(20) 2008 Sun-Lite Rattler Camper, Model 7H T21, VIN: 1S4BU212783016096;

(21) 2009 4-Star Gooseneck Horse Trailer, VIN: 4FKPG192190030562;

(22) Miscellaneous Artwork/Sculptures Including Life Size Bronze Statue of Baryshnikov; and

(23) Miscellaneous Jewelry.

On April 20, 2015, the civil forfeiture complaint was filed. (Doc. 1.) The Complaint alleges that the Defendants are forfeitable to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(A) and (C). (Id.)

On May 28, 2015, Claimant John Paul Rieser, Chapter 7 Bankruptcy Trustee for William Apostelos, filed a claim to all of the Defendants. (Doc. 4.) An Answer was filed on June 10, 2015. (Doc. 20.)

On May 29, 2015, Claimant Connie Apostelos filed a claim to Defendants 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22 and 23. (Doc. 5.) An Answer was filed on May 29, 2015. (Doc. 6.)

On June 1, 2015, Claimant William Apostelos filed a claim to Defendants 7, 11, 13, 15, 16, 17, 18, 19, 20, 21, 22 and 23. (Doc. 7.) An Answer was filed on June 3, 2015. (Doc. 11.)

June 1, 2015, Claimant WMA Enterprises, LLC. filed a claim to Defendant 8. (Doc. 8.) An Answer was filed on June 3, 2015. (Doc. 11.)

On June 1, 2015, Midwest Green Resources, LLC. filed a claim to Defendant 12.   (Doc. 9.)   An Answer was filed on June 3, 2015.   (Doc. 11.)

On June 1, 2015, Apostelos Enterprises, Inc. filed a claim to Defendant 14.   (Doc. 10.) An Answer was filed on June 23, 2015.   (Doc. 11.)

On June 4, 2015, Coleman Capital, Inc. filed a claim to Defendants 9, 10 and 21. (Doc. 12).   An Answer was filed on June 4, 2015.   (Doc. 17.)

On June 4, 2015, Silver Bridle Racing, LLC. filed a claim to Defendants 1, 2, 3, 4, 5, 6 and 21.   (Doc. 13.)   An Answer was filed on June 4, 2015.   (Doc. 19.)

On June 4, 2015, Apostelos Enterprises, Inc. filed a claim to Defendant 14.   (Doc. 14.) An Answer was filed on June 4, 2015.   (Doc. 18.)

Claims filed at Doc. 15 and 16 are believed to be duplicates of the claims filed at Doc. 12 and 13, repetively.

No other claims have been filed at this time.

On or about July 20, 2015 contact was made with counsel of record to inquire whether or not they objected to a stay of this civil case.   The following Claimants do not object to the stay:

- Jon Paul Rion, by and thru Kevin L. Lennen, counsel for Claimants Connie Apostelos, Coleman Capital, Inc., and Silver Bridle Racing, LLC.

- Dwight Brannon, by and thru Kevin Bowman, counsel for Claimant William Apostelos, WMA Enterprises, LLC., Midwest Green Resources, LLC., and Apostelos Enterprises, Inc.

John Paul Rieser, Chapter 7 Bankruptcy Trustee for William Apostelos has indicated that he is not in agreement with a stay of this civil action.

## LAW:

The Civil Asset Forfeiture Reform Act (CAFRA) provides in 18 U.S.C. § 981(g):

(g)(1) Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related   criminal case.

(2) Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that-

(A) the claimant is the subject of a related criminal investigation or case;
(B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and
(C) continuation of the forfeiture proceeding will burden the right of the claimant against self incrimination in the related investigation or case.

(3) With respect to the impact of civil discovery described in paragraphs (1) and (2), the court may determine that a stay is unnecessary if a protective order limiting discovery would protect the interest of one party without unfairly limiting the ability of the opposing party to pursue the civil case.   In no case, however, shall the court impose a protective order as an alternative to a stay if the effect of such protective order would be to allow one party to pursue discovery while the other party is substantially unable to do so.

(4) In this subsection, the terms 'related criminal case' and 'related criminal investigation' mean an actual prosecution or investigation in progress at the time at which the request for stay is made, or any subsequent motion to lift the stay is made.   In determining whether a criminal case or investigation is 'related' to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

(5) In requesting a stay under paragraph (1), the Government may, in appropriate cases, submit evidence *ex parte* in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending trial.

(6) Whenever a civil forfeiture proceeding is stayed pursuant to this subsection, the court shall enter any order necessary to preserve the value of the property or to protect the rights of lienholders or other persons with an interest in the property while the stay is in effect.

The above version of section 981(g) is broader than the prior version.   Prior to the

enactment of the Civil Asset Forfeiture Reform Act, (CAFRA), the language of

18 U.S.C. § 981(g) required a district court to find two elements in order to grant a stay: (1) that

forfeiture proceedings be "related to" an offense for which there has been an indictment, and (2) that the Government show "good cause" for the stay. United States v. All Funds Deposited in Account No. 200008524845, 162 F. Supp. 2d 1325 (D.Wyo. 2001). The CAFRA amendment expanded the availability of a stay to include the period of investigation and no longer requires that an indictment or information be filed, commencing the formal proceedings.  Id.  CAFRA also removed the requirement that the government show good cause.  Id.  Now, the Court must only determine if civil discovery will adversely affect a related criminal investigation.  United States v. $1,026,781.61 in Funds from Florida Capital Bank, 2009 WL 3458189 (C.D. Cal. Oct. 21, 2009).

Pursuant to 18 U.S.C. § 981(g)(1), a stay of civil discovery is mandatory if civil discovery would adversely affect a pending criminal investigation or trial.  United States v. All Funds on Deposit in Business Marketing Account No. 028-0942059-66, 319 F. Supp. 2d 290, 294 (E.D.N.Y. 2004) (once the court is satisfied that routine civil discovery would compromise the identities of confidential informants, stay of the civil case is mandatory under section 981(g)).

Where a criminal investigation and a civil forfeiture action have common facts, similar alleged violations and some common parties, the actions are clearly related.  United States v. All Funds on Deposit in Suntrust Account Number XXXXXXXXDX8359, 456 F.Supp.2d 64, 65 (D.D.C. 2006); United States v. All Funds on Deposit in Business Money Market Account No. 028-0942059-66, 319 F. Supp.2d 290 (E.D.N.Y. 2004).

A stay must be granted if discovery would compromise existing confidential informants and/or interfere with the Government's ability to obtain confidential information from others, or if it would burden the law enforcement officials conducting the related investigation.  United States v. All funds on Deposit in Suntrust Account Number XXXXXXXXDX8359, 456 F.Supp.2d 64, 65 (D.D.C. 2006).

Civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation where it will subject the Government's ongoing criminal investigation to early and broader discovery than allowed pursuant to Rule 16 of the Federal Rules of Criminal Procedure.   United States v. All Funds on Deposit in Suntrust Account Number XXXXXXXXDX8359, 456 F.Supp.2d 64, 65 (D.D.C. 2006); United States v. One Assortment of Seventy- Three Firearms, 352 F.Supp.2d 2, 4 (D.Me. 2005); United States v. Approximately $69,577 in U.S. Currency, 2009 WL 1404690, *3 (N.D. Cal. May 19, 2009) (Government is entitled to stay if providing discovery to defendant's family members in the civil case would provide defendant with earlier and broader discovery than he could obtain in his criminal case); United States v. $1,026,781.61 in Funds from Florida Capital Bank, 2009 WL 3458189 (C.D. Cal. Oct. 21, 2009)(Government is not required to make "a particularized showing of prejudice or specific harm;" it is enough to rely on affidavit of case agent that "civil discovery would allow Claimants to learn of the nature and scope of the investigation and anticipate future investigative action").

A claimant's avowed willingness to accept the consequences of having to invoke the fifth amendment in a civil case is not dispositive; the purpose of the stay is not solely to protect the claimant's rights, it also prevents a claimant from using the civil proceeding as a "back door" to obtaining greater discovery in his criminal case than Rule 16 allows.   United States v. Contents of Nationwide Life Ins. Annuity Account, 2007 WL 682530, a *1 (S.D. Ohio 2007).

**ARGUMENT**:

**The instant civil forfeiture proceeding should be stayed because civil discovery will adversely affect the ability of the United States to conduct the investigation or prosecution of a related criminal case.**

The civil forfeiture complaint alleges that the Defendants are subject to forfeiture because they represent:

(1) Property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956 or 18 U.S.C. § 1957, or property traceable to such a violation and are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A); and/or

(2) Property, real or personal, which constitute or are derived from proceeds traceable to an offense constituting "specified unlawful activity" (as defined by 18 U.S.C. § 1956(c)(7)), which specified unlawful activity includes violations of 18 U.S.C. § 664 (Theft or Embezzlement from Employee Benefit Plan); 18 U.S.C. § 1341 (Mail Fraud); 18 U.S.C. § 1343 (Wire Fraud); and/or 18 U.S.C. § 1956 and 18 U.S.C. § 1957 (Monetary Laundering).   (Doc. 1.)

There is an ongoing criminal investigation into the activities of WILLIAM M. APOSTELOS.   The ongoing criminal investigation and civil judicial forfeiture action have a high degree of similarity because they involve the same parties, facts and circumstances.   The evidence that will be presented in the civil forfeiture action is likely to be identical with evidence involved in the Government's investigation and prosecution of the alleged criminal activity.   The government will have to prove many of the same facts in the civil case that it will need to prove in the criminal case.

The related criminal investigation would be adversely affected by civil discovery. If civil discovery were allowed, witnesses with knowledge relevant to the criminal case would be

allowed to be deposed now.   Deposing those witnesses now would allow the Claimants to cross examine the witnesses in advance of the criminal trial, potentially exposing the Government's strategy for trial, or requiring the agents to divulge information related to the criminal case.

There is no practical way to craft a protective order which would allow discovery to go forward without being unfair to one party or another.

WHEREFORE, the United States of America respectfully moves this Honorable Court to stay the proceedings in this matter until completion of the pending criminal investigation and prosecution, and further order the United States to provide quarterly status reports to the Court for the duration of the stay.

Respectfully submitted,

CARTER M. STEWART
United States Attorney

s/Pamela M. Stanek
PAMELA M. STANEK (0030155)
Assistant United States Attorney
Attorney for Plaintiff
600 Federal Building
200 West Second Street
Dayton, Ohio 45402
(937) 225-2910
Fax: (937) 225-2564
pamela.stanek@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of July, 2015, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record registered with the CM/ECF system.

s/Pamela M. Stanek
PAMELA M. STANEK (0030155)
Assistant United States Attorney